IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| TERRENCE K. STELL, | ) | |
| | ) | Civil No. 10-1289-KI |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAULA MYERS, | ) | OPINION AND ORDER |
| Superintendent, Columbia River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

    Terrence K. Stell
    SID #14667214
    Columbia River Correctional Institution
    9111 N.E. Sunderland Ave.
    Portland, Oregon 97211

        Petitioner, *Pro Se*

    John R. Kroger
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, Oregon 97301-4096

        Attorneys for Respondent

KING, Judge.

    1 -- OPINION AND ORDER

Petitioner, an inmate at the Columbia River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition on the basis that petitioner has failed to exhaust his available state remedies.  For the reasons set forth below, respondent's motion is granted.

## BACKGROUND

On October 29, 2009, petitioner was convicted of Robbery in the Third Degree, Burglary in the Second Degree, Attempted Assault in the Fourth Degree, and Theft in the Third Degree.  Petitioner was sentenced to a 66-month term of incarceration.  His earliest release date is June 3, 2011, and his sentence expiration date is April 26, 2012.

Petitioner filed a direct appeal on November 4, 2009.  The transcript was filed on January 21, 2010, and petitioner's appellate counsel filed an opening brief on September 8, 2010.  The appeal remains pending.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Picard v. Connor,

2 -- OPINION AND ORDER

404 U.S. 270, 275 (1971). Although there is a strong presumption in favor of requiring a prisoner to exhaust his state remedies, failure to do so is not jurisdictional. See Granberry v. Greer, 481 U.S. 129, 131 (1987); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir.), cert. denied, 522 U.S. 892 (1997); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993).

Hence, the failure to exhaust may be excused if (1) "there is an absence of available State corrective process"; or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). State remedies may be found to be "ineffective" in rare cases where exceptional circumstances of peculiar urgency are shown to exist. See Granberry, 481 U.S. at 134; Hendricks, 993 F.2d at 672. Similarly, state remedies may be rendered "ineffective" by extreme or unusual delay attributable to the state. Edelbacher v. Calderon, 160 F.3d 582, 586-87 & n.5 (9th Cir. 1998); Phillips v. Vasquez, 56 F.3d 1030, 1036 (9th Cir.), cert. denied, 516 U.S. 1032 (1995).

In the instant proceeding, petitioner complains of appellate delay, and argues that state remedies are ineffective in light of the short length of his sentence, and the fact that he cannot seek state post-conviction relief until his direct appeal is resolved. Additionally, petitioner appears to argue that state remedies are ineffective by virtue of the fact that trial counsel failed to file

3 -- OPINION AND ORDER

an appeal from the revocation of petitioner's parole.

Petitioner has failed to demonstrate that he has encountered undue appellate delay attributable to the state, or that he has suffered prejudice as a result. Moreover, petitioner's relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention. To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.

In sum, petitioner has failed to demonstrate that the delay he has encountered is either extreme, unusual, or attributable to the ineffectiveness of the state review process. Additionally, petitioner has not demonstrated that there are exceptional circumstances of peculiar urgency in his case to distinguish it from all other state convictions involving short sentences. The fact that trial counsel may have rendered ineffective assistance of counsel by failing to file an appeal *from the revocation of petitioner's parole* has no relevance to the resolution of case. Accordingly, I decline to waive the exhaustion requirement.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (#8) is GRANTED, and petitioner's petition for writ of habeas corpus (#2) is DISMISSED, without prejudice, for failure to exhaust. Because petitioner has failed to make a substantial showing of the denial

4 -- OPINION AND ORDER

of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this    14th    day of March, 2011.

                                         /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge